```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Dr. John M. Adams,               :

     Plaintiff,              :

  v.                            :       Case No. 2:10-cv-0610

State of Ohio Department of      :       JUDGE JAMES L. GRAHAM
Rehabilitation and Correction,           Magistrate Judge Kemp

     Defendant.              :

<u>REPORT AND RECOMMENDATION</u>

    Plaintiff, a state prisoner, filed this action against a sole defendant, the State of Ohio Department of Rehabilitation and Correction (ODRC).  In his complaint, he asserts that his Eighth and Fourteenth Amendment rights have been and are being violated by prison officials based on the alleged denial of adequate medical treatment, medical devices (such as a wheelchair) and medications.  His prayer for relief seeks an award of monetary damages, attorneys' fees, and injunctive relief.

    On August 3, 2010, ODRC moved to dismiss the complaint.  It supplemented that motion on August 12, 2010.  Plaintiff filed a responsive memorandum on September 2, 2010, to which ODRC did not reply.  For the following reasons, it will be recommended that the motion to dismiss be granted.

I.

    The motion to dismiss raises one fundamental issue. Although it discusses both the jurisdictional bar created by the Eleventh Amendment and reasons why the complaint fails to state a claim upon which relief can be granted or pleads claims barred by the statute of limitations, the question of the Court's jurisdiction must be determined in advance of any rulings on the

merits.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).  The same is true with respect to the issue raised in the supplemental motion to dismiss, which is premised on the waiver which occurs when a plaintiff has filed an identical action in the Ohio Court of Claims.  See Ohio Rev. Code §2743.02(A)(1); Leaman v. Ohio Dept. Of Mental Rehabilitation and Developmental Disabilities, 825 F.2d 946 (6th Cir. 1987).

The jurisdictional issue is straightforward.  ODRC is an agency of the State of Ohio, and claims against it are therefore treated as claims against the State itself.  Cf. Hafford v. Seidner, 183 F.3d 506 (6th Cir. 1999).  The complaint names no other defendants.  The Eleventh Amendment clearly bars claims in federal court against a State absent its consent to be sued.  Therefore, the Court has no jurisdiction to consider the claims in the complaint.

Dr. Adams argues that his claim for injunctive relief is not barred by the Eleventh Amendment.  However, that argument is incorrect.  As this Court has held, "[t]his bar obtains whether the relief sought is legal or equitable in nature."  Weaver v. University of Cincinnati, 758 F.Supp. 446, 449 (S.D. Ohio 1991) (Rubin, J.).  For that proposition, the Court cited Papasan v. Allain, 478 U.S. 265, 276 (1986), which, in turn, quoted this language from Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984): "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."  See also Carten v. Kent State University, 282 F.3d 391, 397 (6th Cir. 2002) ("The Eleventh Amendment on its face applies equally to suits in law and equity").

Although this would seem to be clear enough to establish the proposition beyond reasonable dispute, plaintiff cites to Collyer v. Darling, 98 F. 3d 211 (6th Cir. 1996) as standing for the

opposite view.  That case, however, dealt with only absolute and qualified immunity claims asserted against various state officials; neither the State of Ohio nor any state agency or department was named as a defendant, and the issue of Eleventh Amendment immunity was neither raised nor discussed.

Plaintiff also cites to an unreported decision, Meekison v. Voinovich, 67 Fed. Appx. 900 (June 18, 2003), but that case held only that injunctive relief was available against a state official under the Americans with Disabilities Act based on the Supreme Court's decision in Ex Parte Young, 209 U.S. 128 (1908). As generally understood, Ex Parte Young created a "fiction" to allow a state official to be sued in his or her official capacity for injunctive relief on the theory that a state official who acts contrary to the constitution is not acting with the authority of the State.  Thus, because the State has no power to act in contravention of the United States Constitution, an official who so acts does not enjoy the State's immunity from suit.  However, that principle is properly applied only when a state official is named as a defendant, and not when the named defendant is the State itself.  See Carten, supra, at 398 ("the [Eleventh] Amendment does not bar a suit *against a state official* seeking prospective injunctive relief to end a continuing violation of federal law") (emphasis supplied).

In short, the application of the jurisdictional bar of the Eleventh Amendment to the facts of this case is clear and indisputable.  Plaintiff cannot constitutionally maintain any claim, whether for injunctive relief or damages, against ODRC. His complaint must therefore be dismissed for lack of subject matter jurisdiction.

## II.

Based on the foregoing analysis, it is recommended that the

motion to dismiss (#2) be granted and that this case be dismissed for lack of jurisdiction.  It is further recommended that the supplemental motion to dismiss (#5) be denied as moot.

III.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge